**FILED**

**MAR 1 9 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED -STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*********************************

SAMPATH KRISHNAN, *
2950 Thompson Park Lane *
Oakton, Virginia 22031 *
Tel. 703-992-9354 *
*
    Plaintiff *
*
    VS. *
*
*
MARY PETERS, *
Secretary, *
U.S. Dept. of Transportation, *
Washington, D.C. 20590 *
*
    Defendant. *
*********************************

Case: 1:08-cv-00471
Assigned To : Urbina, Ricardo M.
Assign. Date : 3/19/2008
Description: Employ. Discrim.

*JURY ACTION*

## COMPLAINT - CIVIL RIGHTS

### (JURY TRIAL DEMANDED)

#### I. JURISDICTION AND VENUE

1. This is an action for declaratory relief, injunctive   relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Sampath Krishnan, to redress violations by the Defendant of Plaintiff's civil rights. The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII ") , which provides for injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and the Age Discrimination in Employment Act, 29 U.S.C. § 633a. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1343, this being a suit authorized and instituted pursuant to the civil Rights Act of 1964.

1

2. This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose and in which the Defendant, an agency of the United States Government, is located and doing business.

3. This is a civil action and the amount in controversy exceeds $100,000 (One Hundred Thousand Dollars), exclusive of interest and costs.

## II. PARTIES

4. Plaintiff Sampath Krishnan aged 64 is an Asian Indian male citizen of the United States who is an employee of the Federal Aviation Administration Department of Transportation, an agency of the United States Department of Transportation.

5. Defendant Mary Peters is sued in her official capacity as the Secretary of the United States Department of Transportation.

## III. STATEMENT OF FACTS

6. Plaintiff Sampath Krishnan is employed by the Department of Transportation as a FG-391-14 Communications Management Specialist/Program Manager.

7. Mr. Krishnan has held his current position for more than fifteen years, and has been employed at the Department of Transportation ("DOT") for more than twenty one years.

8. Mr. Krishnan successfully completed all the requirements of the Executive Potential Program (EPP) for Senior Level Employees from the Graduate School of USDA in 2007.

2

9. Mr. Krishnan successfully completed "Airways Facilities Management Selection Program" (AFMSP) assessment at Federal Aviation Administration that established his eligibility for promotion to managerial positions in 2002.

10. Mr. Krishnan has a Master's of science degree in Acquisition and Contract Management from Florida Tech., which he earned in 1993.

11. Mr. Krishnan has a Master's degree in Business Management and Finance from New York Institute of Technology, which he earned in 1979.

12. Mr. Krishnan has a Bachelor of Science degree in Business Management and Administration from New York Institute of Technology, earned in 1998.

13. Mr. Krishnan has over thirty five years of progressive Management experience, including more than twenty years in the area of program management and one year as Deputy Manger overseeing 268 employees in FAA.

14. When the Defendant Department of Transportation established its Telecommunications Management and Operations Division for the Federal Aviation Administration in 1987, Mr. Krishnan was the second person hired in the Telecommunications Management and Operations Division, and has been a key person in designing and initiating the various programs now operating in that Division.

15. Under the guidance and direction of James W. Mitchell, the chief of the Washington Program Office of the DOT Transportation Systems Center, Mr. Krishnan implemented the administrative and operational blueprint for the Federal Aviation Administration Telecommunications Management and Operations Division ("TM&O Division"), including performing a task audit of the Division, identifying the necessary staff positions to carry out the tasks of the TMO Division, and making recommendations for the hiring of necessary staff.

3

16. Mr. Krishnan designed and developed numerous major telecommunications program plans in the FAA's Telecommunications Management and Operations Division since 1992, including:

a. the Dallas-Fort Worth Metroplex Telecommunications Program Plan;

b. the Air Traffic Control System Command Center Relocation Telecommunications Program Plan;

c. the National Airspace Data Interchange System Network Management Plan;

d. the Consolidated Notice to Airman System Relocation Telecommunications Program Plan;

e. National Communications Center Closure and Relocation Telecommunications Program Plan;

f. the Weather Message Switching System Re-host Telecommunications Program Plan;

g. the Chicago Terminal Radar Control/Tower simultaneous cut over Telecommunications Program Plan;

h. the Atlanta Large Terminal Radar Control Telecommunications Program Plan;

i. the Joint Radar Program/Air Route Surveillance Radar Room Telecommunications Program Plan (joint program between Federal Aviation Administration and Department of Defense);

j. Aviation Weather Processor Telecommunications Program Plan;

k. the Integrated Logistical Support Plan for Automatic Line Test Equipment;

l. the Northern California Terminal Radar Control Consolidation Telecommunications Program Plan;

4

m. Boston Terminal Radar Control Consolidation Program Telecommunications Program Plan;

n. Established the configuration management function and the Telecommunications Integrated Product Team's Change Control Board.

17. The Dallas-FortWorth Telecommunications Program Plan and the Air Traffic Control System Command Center Relocation program Plans were presented awards by the System Management Services of the Airways Facilities.

18. Mr. Krishnan also was responsible for completing a study on converting the Radio Communications Link System of the Federal Aviation Administration ("FAA") from analog to digital.

19. Mr. Krishnan also developed the preliminary technical specifications for the FAA satellite communications system.

20. Mr. Krishnan was also a member of the team which established the FAA Telecommunications architecture as part of the strategic plan.

21. Plaintiff Krishnan has been a GS-14 with the Department of Transportation since 1989.

22. Since approximately 1992, Mr. Krishnan has applied for over forty-five promotional positions with the FAA.

23. Despite his qualifications and many contributions to the successful establishment of the FAA's Telecommunications Management and Operations Division, Mr. Krishnan has been totally unsuccessful in achieving promotion to the managerial position at "K" Band level or FG-15 level.

24. In 2004, Plaintiff Krishnan applied for two FG-340-15 (that was changed to "K" Band) Program Manager position(s) advertised by the FAA in

Vacancy Announcements AWA-TOW-04-PFR4038-73335M 'and AWA-TOW-04-PFR4039-73336M, advertised under the Agency's merit promotion plan.

25. Plaintiff Krishnan was exceptionally qualified for all the three Program Manager positions that were filled, and had more education, more relevant experience, more supervisory qualifications and more general qualifications  than any of the three persons selected for the positions.

26. All the three persons selected for the managers positions in 2004 were non-Asian Indians, non Hindu, much younger than Mr. Krishnan and all were American-born citizens.

27. In 2004, Plaintiff timely filed a formal Complaint of discrimination over his non selection for the positions of Program Manager, advertised in Vacancy Announcements Numbers AWA-TOW-04-PFR4038-73335M 'and AWA-TOW-04-PFR4039-73336M

28. That complaint has been pending for more than 180 days, and thus, Plaintiff has exhausted all administrative prerequisites to this lawsuit under Title VII of the Civil Rights Act of 1964, as amended.

29. Defendant DOT discriminated against Plaintiff Krishnan because of his race (Asian/brown), age (Mr. Krishnan is 64 years old), national origin (Mr. Krishnan was born in India), brown color and religion (Hindu) when it did not select him for either of the FG-340-15 Program Manager positions (Now categorized as K-Band)in 2004.

30. Upon information and belief, the Department of Transportation's Telecommunications Management and Operations Division (now known as Telecommunications services Group)have engaged in a pattern and practice of employment discrimination against older people, especially of Asian Indian

Origin and Hindu religion by only hiring and promoting younger non Asian

Indians, non Hindus to positions at the FG-15 and above level.

31. Defendant has also created and maintained a hostile environment

against Plaintiff Krishnan for over 10 years because of his race and national

origin, because Mr. Krishnan's managers and co-workers have frequently made

derogatory remarks against Mr. Krishnan's ethnicity and national origin.

32. The defendant has taken advantage of the plaintiff, a citizen of

United States by assigning him to menial job without regard to his skills

(Broad based discrimination in assignments and pay) - egregious

discrimination. The defendant has violated Title VII of the Civil Rights Act

by failing to assign the plaintiff positions commensurate with plaintiff's

qualification and compensate the plaintiff, a United States Citizen of Asian

(Indian) origin to supervisory positions, and harassing and intimidating him

because of his religion and national origin.

33. Defendant has retaliated Mr. Krishnan's prior Equal employment

Opportunity complaint to the extent of disregarding his November 06, 2001

settlement agreement that granted by this court for priority consideration.

The plaintiff failed to justify its disregard and failed to demonstrate any

"sound, meaningful, job essential reasons for the plaintiff's non -

selections.

34. Defendant has also discriminated against Mr. Krishnan by denying him

awards and recognition equity that Defendant has routinely granted to white

employees and females who have made far less significant contributions to the

success of the Telecommunications Management and Operations Division (now

known as Telecommunications Services Group) than those contributions made by

Mr. Krishnan.

7

## IV. STATEMENT OF CLAIM

35. The effect of the Defendant's acts and practices as enumerated herein has been to deprive Plaintiff Sampath Krishnan of rights secured to him by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et ~, to be free from discrimination because of his race, religion, sex and national origin, and the Age Discrimination in Employment Act, 29 U.S.C. § 633 et seg., because Defendant, solely because of Plaintiff's race, religion, sex,  age, and national origin, has deprived Plaintiff of equal employment opportunities in  the terms and conditions of his employment, and have intentionally deprived Plaintiff of the same opportunity to be promoted and upgraded as Defendant has provided to whites, African Americans and females. By said acts, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended.

36. As a result of the acts and practices complained of herein, Plaintiff Krishnan has suffered loss of income, wages, employment, benefits, personal and professional esteem, and Plaintiff has suffered mental anguish and emotional distress.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's acts and conduct as described herein. Unless Defendant is restrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, as amended.

2. Order Defendant to make Plaintiff whole for the discrimination Plaintiff has suffered as a result of the acts and practices as described herein, and provide appropriate back pay, wages, and benefits in an amount to be shown at trial.

3. Grant Plaintiff a promotion to supervisory manager position, retroactive to 2004, the grade level to which Plaintiff would have been entitled had there been no discrimination, and grant Plaintiff the back pay, wages, and benefits he has been denied as a result of the discrimination he has suffered.

4. Grant Plaintiff an award of compensatory damages to compensate him for the humiliation, emotional distress and loss of personal and professional esteem suffered by Plaintiff as a result of Defendants' intentional acts.

5. Grant Plaintiff his attorney's fees, costs and disbursements incurred and necessary to maintain this action.

6. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendants to file reports as the Court deems necessary to evaluate such compliance.

7. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

**Sampath Krishnan, Plaintiff Pro Se**
2950 Thompson Park Lane, Fairfax,
Virginia 22031

9



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P. O. Box 19848
### Washington, D.C. 20036

Sampath S. Krishnan,
Complainant,

v.

Mary E. Peters,
Secretary,
Department of Transportation,
Agency.

Request No. 0520080107

Appeal No. 0120072862

Agency No. 200518296FAA02

### DENIAL

Complainant timely requested reconsideration of the decision in *Sampath S. Krishnan v. Department of Transportation*, EEOC Appeal No. 0120072862 (September 26, 2007). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

In the appellate decision, complainant alleged that he was discriminated against on the bases of his race (Asian), national origin (Indian), sex (male), religion (Hindu), color (Brown), age (DOB: 07/06/43), and reprisal for prior protected EEO activity when (a) he was not selected for one of six positions as Program Manager in September 2004; and (b) he was harassed and subjected to a hostile work environment in reprisal for filing the instant complaint. An EEOC Administrative Judge (AJ) issued a summary judgment decision finding no discrimination. The record shows that nine applicants were interviewed for the position by the selecting panel. The six highest-scoring candidates were selected for the position. Complainant ranked seventh and was not selected. Complainant also alleged that his second line supervisor who was also the selecting official made a remark that "this is not a place of cow chasing." The AJ found that the remark, if made, was not sufficiently severe or pervasive to rise to the level of illegal harassment. The agency fully adopted the AJ's decision. The Commission affirmed the finding of no discrimination.

08 0471

**FILED**

MAR 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                          0520080107

In his request for reconsideration, complainant contends that: the record of investigation was not fully developed and therefore, the appellate decision relying upon it is clearly an erroneous interpretation of the law; the appellate decision erroneously resolves credibility issue against complainant that should be resolved only after a hearing on the merits and it misstates a material fact; and complainant has demonstrated that he possessed superior qualifications to those selected and that his non-selection for the promotional opportunity was based on discrimination.

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. We find complainant has failed to show that the appellate decision involved a clearly erroneous interpretation of material fact or law; or that the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. Moreover, the Commission finds that summary judgment was properly issued as there are no material facts at issue. The record shows that nine candidates were considered. A panel interviewed the candidates. There were six positions available and the selecting official chose the six highest scoring candidates. Complainant was ranked seventh and therefore was not selected. Complainant argues that his prior supervisor can attest to his good works and the fact that the selecting official had made an offensive comment directed at complainant. Assuming *arguendo* that this is true, complainant still has not provided any evidence showing that the rating panel was tainted or that he was so much more qualified than the selectees that discrimination must be inferred. We find that complainant has failed to show that he was not selected for the position because of his protected bases. Accordingly, the decision in EEOC Appeal No. 0120072862 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in

3                                    0520080107

which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

DEC 1 2 2007
Date

4                                    0520080107

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Sampath S. Krishnan
2950 Thompson Park Ln
Fairfax, VA 22031

Marcia G. Jones, ESQ
1050 17th St NW #600
Washington, DC 20036

Mary Jones, Deputy Director, Civil Rights
Department of Transportation
400 7th St., SW #10215
Washington, DC 20590

_DEC 1 2 2007_
Date

Equal Opportunity Assistant

RECEIVED
12/21/2007

JS-44
(Rev.1/05 DC)

H
08-471
RMU

**I (a) PLAINTIFFS**

SAMPATH KRISHNAN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** FAIRFAX
**(EXCEPT IN U.S. PLAINTIFF CASES)** 88888

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
2950 THOMPSON PARK LANE
FAIRFAX, VA. 22031

**DEFENDANTS**

MARY PETERS
SECRETARY, U.S.D.OT

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00471
Assigned To : Urbina, Ricardo M.
Assign. Date : 3/19/2008
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)  OR  ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien
Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant

☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if not
Administrative Agency Review
or Privacy Act)

③

| ☐ **G. Habeas Corpus/ 2255** | ☑ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☑ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

1) VIOLATION OF CIVIL RIGHTS ACT OF 1964, 42 USC. 2000e et seq. as amended (TITLE VII)
2) AGE DISCRIMINATION IN EMPLOYMENT ACT 29 USC. §633a

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** ___ Check YES only if demanded in complaint **JURY DEMAND** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO   If yes, please complete related case form.

**DATE** 3.19.08   **SIGNATURE OF ~~ATTORNEY OF RECORD~~** PRO SE   [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd



U.S. DISTRICT COURT
NANCY MAYER WHITTINGTON, CLERK
MAR 1 9 2008
RECEIVED